# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TS MEDIA TECH IP, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASSOCIATED EQUIPMENT CORPORATION; BACCUS GLOBAL, LLC; FRONIUS USA, LLC; MIDTRONICS, INC.; THE NOCO COMPANY; PULSETECH PRODUCTS CORPORATION; RELAX TECHNOLOGY, INC. D/B/A GRANITE DIGITAL; and STANLEY BLACK & DECKER, INC.,<br><br>　　　　Defendants. | CASE NO.: _<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TS Media Tech IP, LLC ("TS") hereby alleges for its Complaint against defendants Associated Equipment Corporation; Baccus Global, LLC; Fronius USA, LLC; Midtronics, Inc.; The NOCO Company; PulseTech Products Corporation; Relax Technology, Inc. d/b/a Granite Digital; and Stanley Black & Decker, Inc., (collectively the "Defendants") on personal knowledge as to its own actions and on information and belief as to the action of others, as follows:

## THE PARTIES

　　1.　　Plaintiff TS Media Tech IP, LLC ("TS") is a Texas limited liability company with a place of business at 719 W. Front Street, Suite 244, Tyler, Texas 75702.

　　2.　　On information and belief, Defendant Associated Equipment Corporation ("AEC") is a Missouri corporation with its principal place of business at 5043 Farlin Ave., St. Louis, MO 63115.

3. On information and belief, Defendant Baccus Global, LLC ("Baccus") is a Florida limited liability company with its principal place of business at 595 South Federal Highway, Suite 210, Boca Raton, FL 33432.

4. On information and belief, Defendant Fronius USA, LLC ("Fronius") is a Michigan limited liability company with its principal place of business at 10421 Citation Dr., Suite 1100, Brighton, MI 48116.

5. On information and belief, Defendant Midtronics, Inc. ("Midtronics") is an Illinois corporation with a principal place of business at 7000 Monroe Street, Willowbrook, IL 60527.

6. On information and belief, Defendant The NOCO Company ("NOCO") is an Ohio corporation with a principal place of business at 23200 Commerce Park Cleveland, OH 44122.

7. On information and belief, Defendant PulseTech Products Corporation ("PulseTech") is a Texas corporation with a principal place of business at 1100 South Kimball Avenue, Southlake, TX 76092.

8. On information and belief, Defendant Relax Technology, Inc. dba Granite Digital ("Granite") is a California corporation with a principal place of business at 3101 Whipple Rd, Union City CA 94587.

9. On information and belief, Defendant Stanley Black & Decker, Inc. ("Stanley") is a Connecticut corporation with a principal place of business at 1000 Stanley Drive, New Britain, CT 06053.

**JURISDICTION AND VENUE**

10. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq*., because each of the Defendants has committed acts of patent infringement within the United States and this judicial district. Accordingly, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), in that the defendants are subject to personal jurisdiction in this district. At a minimum, each of the defendants has delivered infringing products into the stream of commerce with the expectation that they will be purchased by customers in Texas, including customers in the Eastern District of Texas.

## THE '127 PATENT

12. On August 8, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,089,127 ("the '127 Patent"), entitled "Integrated Battery Service System," to Dennis G. Thibedeau, Alejandro P. Brott, Gary Jonker, Leonard Wisneski, Paul A. Willems, and Alan D. Goetzelmann. A copy of the '127 Patent is attached to the Complaint as Exhibit A.

13. By reason of an assignment dated January 17, 2011, Plaintiff TS owns all rights, title and interest in the '127 Patent.

## FIRST CAUSE OF ACTION
### (Infringement of the '127 Patent)
### (35 U.S.C. § 271)

14. Plaintiff repeats and incorporates by reference each of the allegations contained in Paragraphs 1 through 13 above, and further alleges as follows:

15. On information and belief, without a license or permission from Plaintiff, Defendant AEC has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of AEC's infringing products are the 6003, 6007, 9410, 9420, 9003, 9004, 6044, and related families of products. AEC's infringement of the '127 Patent has caused substantial damage to Plaintiff.

16. On information and belief, without a license or permission from Plaintiff, Defendant Baccus has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent. Defendant

did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of Baccus's infringing products are the BC1509, BC2509, BC4009, GBCPRO, VEC1086BBD, VEC1087CBD, VEC1089AM, VEC1093DBD, VEC1095ABD, and related families of products.  Baccus's infringement of the '127 Patent has caused substantial damage to Plaintiff.

17. On information and belief, without a license or permission from Plaintiff, Defendant Fronius has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent.  Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, one example of Fronius's infringing products is the ACCTIVA Easy.  Fronius's infringement of the '127 Patent has caused substantial damage to Plaintiff.

18. On information and belief, without a license or permission from Plaintiff, Defendant Midtronics has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent.  Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, one example of Midtronics' infringing products is the GR8-1200.  Midtronics' infringement of the '127 Patent has caused substantial damage to Plaintiff.

19. On information and belief, without a license or permission from Plaintiff, Defendant NOCO has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent.  Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of NOCO's infringing products are the G750, G1100, G3500, G7200, G26000, and related families of products.  NOCO's infringement of the '127 Patent has caused substantial damage to Plaintiff.

20. On information and belief, without a license or permission from Plaintiff, Defendant PulseTech has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of Pulsetech's infringing products are the 490PT, 510PT, Micro 700 Heavy-Duty Electrical System Analyzer, PBT-200 Battery/Electrical Tester, and related families of products. Pulsetech's infringement of the '127 Patent has caused substantial damage to Plaintiff.

21. On information and belief, without a license or permission from Plaintiff, Defendant Granite has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Granite's infringing products is the Save A Battery Series. Granite's infringement of the '127 Patent has caused substantial damage to Plaintiff.

22. On information and belief, without a license or permission from Plaintiff, Defendant Stanley has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, examples of Stanley's infringing products include the BC40EWB, BCS10B, BCS25EB, VEC1086BBD, VEC1087CBD, VEC1089ABD, VEC1093DBD, VEC1095ABD, BMB2, and related families of products. Stanley's infringement of the '127 Patent has caused substantial damage to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TS Media Tech IP, LLC prays for relief as follows:

A. Declaring that the '127 Patent is valid and enforceable, and that each Defendant has infringed one or more claims of the '127 Patent;

B. Awarding Plaintiff damages in an amount adequate to compensate Plaintiff for each defendant's infringement, in accordance with 35 U.S.C. § 284;

C. Awarding Plaintiff its costs of suit, including reasonable attorney fees, because this is an exceptional case under 35 U.S.C. § 285; and

D. Granting such other and further relief as this Court may deem just and appropriate.

Dated:  March 18, 2011                           AGILITY IP LAW

By: /s/ James C. Otteson
James C. Otteson
CA Bar No. 157781
(Admitted E.D. Texas)
jim@agilityiplaw.com

David A. Caine
CA Bar No. 218074
(Admitted E.D. Texas)
dacaine@agilityiplaw.com

Xiang Long
CA Bar No. 246629
(Admitted E.D. Texas)
longxiang@agilityiplaw.com

1900 University Circle, Suite 201
East Palo Alto, CA  94303
Bus:  650-227-4800
Fax:  650-318-3483

**Co-Counsel:**

Andrew W. Spangler
State Bar No. 24941960
Spangler Law PC
208 N. Green St., Suite 300
Longview, TX  75601
Bus:  (903) 753-9300
Fax:  (903) 553-0403
Email:  spangler@spanglerlawpc.com

Attorneys for Plaintiff
TS MEDIA TECH IP, LLC

-7-

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff TS Media Tech IP, LLC demands a trial by jury of this action.

Dated:  March 18, 2011                                          AGILITY IP LAW


By: /s/ James C. Otteson
        James C. Otteson

Attorneys for Plaintiff
TS MEDIA TECH IP, LLC